**David H. Griggs, OSB No. 982436**
e-mail: david@griggslawpc.com
GRIGGS LAW GROUP P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005
Telephone: (971) 228-8110
Fax: (971) 327-6735

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ABDUL MATEEN QURESHI**, an Individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**WILLOWBROOK HOSPITALITY, LLC**, *dba* **COAST RIVER INN**, a domestic business corporation,<br><br>　　　　　Defendant. | Case No.: 3:16-cv-2241<br><br>**COMPLAINT**<br><br>(Fair Labor Standards Act (unpaid overtime); ORS 652.150; Unlawful Wage Claim Discrimination – ORS 652.355)<br><br>**JURY TRIAL REQUESTED**<br><br>**AMOUNT OF PRAYER: $46,653.23** |

Plaintiff alleges:

## INTRODUCTION

1.

In this matter, Plaintiff seeks payment of overtime wages owed for substantial hours worked more than forty hours per week and liquidated damages. Plaintiff further seeks recovery of lost wages and liquidated damages for a retaliatory termination of employment and penalties for failure to pay all wages due upon termination of employment.

/ / /

/ / /

## PARTIES, VENUE & JURISDICTION

2.

Plaintiff Abdul Mateen Qureshi (hereafter "Plaintiff") is an individual who at all material times resided in Seaside, Clatsop County, Oregon and was employed by Defendant.

3.

Defendant Willowbrook Hospitality, LLC, *dba* Coast River Inn (hereafter "Defendant") is a domestic business corporation in Seaside, Clatsop County, Oregon.  Defendant is engaged in substantial and not isolated business activities within Seaside, Oregon.  At all material times herein, Defendant was an employer engaged in interstate commerce for the purposes of the Fair Labor Standards Act (hereafter "FLSA")

4.

This court has federal question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claims occurred in this District.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **FACTS**

6.

On or about September 1, 2015, Plaintiff commenced employment for Defendant. Plaintiff was to be the Hotel Manager for Defendant's Coast River Inn in Seaside, Oregon. However, at no time was Plaintiff a bona fide manager. He did not have managerial duties, nor did he have any subordinates. Plaintiff worked the hotel front desk during the daytime and as night auditor.

7.

Plaintiff's duties included answering the phone, manning the front desk to receive guests, grabbing blankets, towels, and tissue paper for guests, getting rooms for late arrival check-ins, vacuuming the lobby, taking out the trash, and making coffee. Plaintiff was not responsible for supervising employees. He never hired or fired employees, never made their schedules, and did not assign other employees any duties. Plaintiff did not have the authority to and did not exercise independent judgment and discretion about matters of significant for Defendant.

8.

The initial agreement between Plaintiff and Defendant was for him to be paid $12 per hour and for him to work 43 hours per week. However, during the first week of Plaintiff's employment, Defendant informed Plaintiff that he would instead be paid a flat salary of $2,200 per month, for the 43 hours of work per week. Defendant promised Plaintiff a raise of $400.00 to his monthly salary if Plaintiff successfully completed a 90-day probationary period that retroactively started on Plaintiff's hire date, September 1, 2015.

/ / /

/ / /

/ / /

9.

Defendant required Plaintiff to live on the premises as a condition of his employment to Defendant's benefit.  Plaintiff was the night auditor and only employee on the premises overnight.

10.

The demands of Plaintiff's position required him to work substantially greater than 43 hours per week because he had to get up and work at all hours of the night responding to customer and business needs.

11.

Plaintiff worked approximately 2,021 hours in addition to the forty hours he worked each work week during the period of his employment, from September 1, 2015 through February 25, 2016.  All those hours were more than forty hours in the respective work week.

12.

In December of 2015, Defendant failed to provide the raise it had promised Plaintiff after he completed the 90-day probationary period successfully.  In January of 2016, Defendant also failed to pay Plaintiff the raise that was promised.

13.

In February, 2016, Plaintiff began researching the propriety of his compensation with Defendant.  He was concerned that he was working extremely long hours and not getting paid for them all, and not getting the raise he had been promised.  Plaintiff looked up information regarding the Fair Labor Standards Act.  Based on his understanding of the law on overtime, and his job, Plaintiff concluded that he should be paid overtime.

14.

After conducting his own research regarding overtime, in late February 2016, Plaintiff

asked Defendant about the promised raise, and informed Defendant of the huge amount of overtime hours Plaintiff had been working. Among other concerns, Plaintiff discussed and inquired that he should be paid for the substantial overtime he was working.

15.

Approximately two days after Plaintiff's discussion of wages alleged herein, on February 25, 2016, Defendant's owner asked Plaintiff to meet him in his office and terminated Plaintiff and required him to vacate his apartment at once.

16.

Defendant failed to pay Plaintiff for the overtime hours he performed during his employment with Defendant.

17.

Defendant's failure to pay Plaintiff overtime wages and failure to pay those wages upon termination was willful.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Fair Labor Standards Act – Failure to Pay Overtime Wages

18.

Plaintiff realleges and incorporates all relevant paragraphs herein.

19.

Defendant willfully violated 29 U.S.C. § 207 when it failed to pay Plaintiff at a rate of at least one and one-half times the regular rate of pay for the hours he worked more than forty (40) hours per week.

20.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to overtime compensation for the hours

more than 40 that he worked each week, in an amount to be determined at trial but which Plaintiff alleges to be approximately $41,693.23 for his term of employment.

21.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to the unpaid overtime wages, which therefore is alleged to be $41,693.23.

22.

Plaintiff is entitled to recover reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### Unlawful Retaliation - FLSA

23.

Plaintiff realleges and incorporates all relevant paragraphs herein.

24.

Plaintiff's communications to Defendant on or around February 23, 2016 regarding his working hours and pay, including lack of overtime, invoked protection under the FLSA's prohibition against retaliation, 29 U.S.C. § 215(a)(3). Plaintiff's statements were made in good faith and based upon reasonable belief.

25.

On or about February 25, 2016, Defendant terminated Plaintiff's employment without giving any reason. Defendant terminated Plaintiff because of Plaintiff's statements alleged herein related to his overtime.

26.

Defendant's termination of Plaintiff's employment violated the FLSA, 29 U.S.C. § 215(a)(3).

GRIGGS LAW GROUP, P.C.
4900 SW Griffith Dr., Ste. 165
Beaverton, OR 97005

27.

Due to the termination of employment, Plaintiff has suffered and is entitled to recover his economic damages in an amount to be proven at trial, and alleged to be at least $2,080.

28.

Defendant's act in terminating Plaintiff was willful as defined by the FLSA. Therefore, Plaintiff is entitled to recover liquidated damages in amount to be proven at trial but alleged to be at least $2,080.

29.

Plaintiff is entitled to recover his costs, disbursements, and reasonable attorney fees incurred herein pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF

### Failure to Pay Wages: Termination – ORS § 652.150

30.

Plaintiff realleges and incorporates all relevant paragraphs herein.

31.

Plaintiff's employment with Defendant was terminated on or about February 25, 2016.

32.

Pursuant to ORS 652.140, Defendant was obligated to pay Plaintiff all wages owed no later than by the end of the business day following termination, February 26, 2016.

33.

Defendant failed to pay Plaintiff all wages to which he was entitled.

34.

On or about May 25, 2016, among other times, Plaintiff submitted to Defendant a

7 – COMPLAINT

demand for payment of the outstanding wages. More than twelve (12) days have passed since Plaintiff demanded payment of his wages.

35.

More than thirty (30) days have passed since Plaintiff's wages became due and payable.

36.

Defendant has willfully failed to pay Plaintiff.

37.

Pursuant to ORS 652.150, Plaintiff is entitled to recover statutory penalties for not receiving payment of all wages due upon termination of employment, calculated at Plaintiff's regular hourly rate of $12 per hour, for eight hours per day, for up to 30 days, for the total amount of $2,880.

38.

Pursuant to ORS 652.200, Plaintiff is entitled to his costs, disbursements, and reasonable attorney fees.

39.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest in the amount of nine percent (9%) per annum.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **JURY DEMAND**

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

WHEREFORE, Plaintiff prays for the relief as set forth in this Complaint, together with such other relief that the Court finds just and equitable.

DATED this 30th day of November, 2016.

                GRIGGS LAW GROUP, P.C.

By:   /s/David H. Griggs
       David H. Griggs, OSB No. 982436
       e-mail: david@griggslawpc.com
       4900 SW Griffith Dr., Ste. 165
       Beaverton, OR 97005
       Telephone:  (971) 228-8110
       Fax:  (971) 327-6735
       Trial Attorney:  David H. Griggs